IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCISCO MONTANEZ, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | |
| vs. | : | |
| | : | No. 09-1418 |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

**Jones, II, J.**                                                                                                                     **April 13, 2011**

**MEMORANDUM**

**I.     INTRODUCTION**

Plaintiff Francisco Montanez brought this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's claim for supplemental security income under Title XVI of the Social Security Act ("the Act"). Presently before the Court are Plaintiff's Request for Review and Reversal of Defendant's Final Administrative Decision, Plaintiff's brief and statement of issues in support of his request, the Commissioner's response thereto, and Plaintiff's reply brief. The case was sent to United States Magistrate Judge M. Faith Angell ("MJ") for a Report and Recommendation ("R&R"); on April 14, 2010, counsel presented oral argument. The MJ recommended that Plaintiff's Request for Review and Reversal be denied. Plaintiff has filed several objections ("Obj.") to the MJ's R&R.

Upon careful and independent consideration of the administrative record, the

1

Administrative Law Judge's ("ALJ") decision, the R&R and Plaintiff's objections thereto, the Court finds that there is substantial evidence supporting the ALJ's decision.

The facts and procedural history of this case are sufficiently recounted in the R&R and the Court will not repeat them here except as necessary below.

## II. LEGAL STANDARDS

The Court reviews the ALJ's decision to determine whether there is substantial evidence on the record to support it. 42 U.S.C. § 405(g) (2008); *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 118 (3d Cir. 2000). Substantial evidence is not a large or significant amount of evidence but rather such relevant evidence as a reasonable mind might accept to support a conclusion. *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Contradictory evidence may be found in the record, but it is not cause for reversing the Commissioner's decision if substantial support exists for the decision within the record. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). Even if the Court would have decided the case differently, the Court must afford deference to the Commissioner and affirm the ALJ's credibility determinations if substantial evidence supports them. *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986). "The Court is bound by the ALJ's findings of fact if they are supported by substantial evidence in the record." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). In addition, the Court must also ensure that the ALJ applied the proper legal standards. *Coria v. Heckler*, 750 F.2d 245, 247 (3d Cir. 1984).

To establish a disability under the Social Security Act, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Stunkard v. Sec'y of*

*Health and Human Servs*, 841 F.2d 57, 59 (3d Cir. 1988) (quoting *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. § 423(d)(1) (1982)). The claimant satisfies his burden by showing an inability to return to his past relevant work. *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986); *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979) (citing *Baker v. Gardner*, 362 F.2d 864 (3d Cir. 1966)). Once this showing is made, the burden of proof shifts to the Commissioner to show that the claimant, given his age, education, and work experience, has the ability to perform specific jobs that exist in the economy. 20 C.F.R. § 404.1520; s*ee Rossi*, 602 F.2d at 57.

As explained in the following agency regulation, each case is evaluated by the Commissioner according to a five-step process:

> (i) At the first step, we consider your work activity if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.
> (iv). At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
>
> (v). At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work,

> we will find that you are disabled.

20 C.F.R. § 404.1520 (references to other regulations omitted).

### III. DISCUSSION

#### A. The ALJ's Decision

The ALJ received medical evidence, which included: a consultative examination report; a Psychiatric Review Technique form; and, both a mental and a physical residual functional capacity ("RFC") assessment. These were all prepared by Disability Determination Services agents. The ALJ also considered treatment notes from Plaintiff's mental health treatment facility and a mental RFC assessment from his treating psychiatrist. Additionally, the ALJ heard testimony from Plaintiff and from a vocational expert ("VE"). Proceeding through the five-step evaluation process, the ALJ determined that Plaintiff is a younger individual with a "limited education" who is able to communicate in English. (Administrative Record ("Record") at 19.) Therefore, Plaintiff met the requirements of Step One of the sequential evaluation process. 20 C.F.R. §§ 416.920(b) and 416.971, *et seq.*

At Step Two, the ALJ found that Plaintiff has the following severe impairments: "bipolar disorder, low back pain, bilateral should [*sic*] disorders, swelling and pain of the arms and legs." (Record at 12.) Furthermore, while the ALJ recognized that Plaintiff had a history of drug and alcohol abuse, the ALJ found that Plaintiff's "substance abuse is not a severe impairment." (*Id.* at 14.)

At Step Three, the ALJ concluded that Plaintiff's impairments, considered singly and in combination, do not meet or medically equal the criteria in Listing Sections 10.2 (major dysfunction of a joint due to any cause), 1.04 (disorders of the spine), or 12.04 (affective

4

disorders). (*Id.* at 15-16.)

After consideration of the entire record, the ALJ determined that Plaintiff retains the residual capacity

> to perform medium work as defined in 20 C.F.R. § 416.967(c) that requires not more than occasional climbing, balancing, bending, kneeling, crouching, and crawling; allows for avoiding concentrated (frequent) exposure to hazards such as unprotected heights and moving machinery; requires performing only simple, routine tasks secondary to a moderate (limited, but still able to function satisfactorily) limitation in concentration, persistence, and pace; and requires not more than occasional contact with supervisors and fellow employees and no contact with the public.

(*Id.* at 16-17.)

At Step Four, the ALJ found that Plaintiff has no relevant work. (*Id.* at 19.) While Plaintiff's Social Security earnings records show periods of substantial earnings within the last 15 years (most recently in 2006), the ALJ accepted Plaintiff's assertion that these were not his earnings, but that someone else had worked, using his Social Security number. (*Id.* at 19, 31-32.) Although Plaintiff has performed some work in the past for short periods of time (as a private security guard, a textile factory worker, and perhaps a worker in an automotive parts manufacturing plant), none of that work was found to qualify as past relevant work as defined by the Social Security Regulations. (*Id.* at 19.)

At Step Five, the ALJ concluded, with the help of VE testimony, that, considering Plaintiff's age, education, work experience and RFC, there exist jobs in significant numbers in the national economy that Plaintiff can perform. (*Id.* at 19-20.) Examples of these jobs include: machine feeder, hand packager, bagger/packager, cleaner-production and cleaner-housekeeper. (*Id.* at 20.) Therefore, the ALJ determined that Plaintiff was not disabled, as defined in the Act. (*Id.*)

**B.     Objections and Discussion**

   *1.     ALJ's Weighing of Medical Opinion Evidence*

In his first Objection to the R&R, Plaintiff asserts that the MJ erred in concluding that the ALJ properly discounted the opinion of Plaintiff's treating psychiatrist, Dr. Maria Theresa Zorrati. (Obj. at 1-2.) Specifically, Plaintiff contends that neither Defendant nor the MJ acknowledged that, while Dr. Zorrati found that Plaintiff had "serious limitations" in his ability to function in 14 of 19 work-related activities, she also found that Plaintiff was not precluded from functioning in *any* of them. (Obj. at 2.). Furthermore, in his third Objection, Plaintiff claims that the MJ erred by citing with approval the ALJ's reliance on the opinion of the non-examining psychological consultant, Dr. Perch. The Court disagrees on both counts.

Generally speaking, enhanced weight should be given to the findings and opinions of treating physicians. *Mason v. Shalala*, 994 F.2d 1058, 1067 (3d Cir. 1993). However, the ALJ is not bound by a physician's statement of disability and may reject it if there is a lack of data supporting it, *Newhouse v. Heckler*, 753 F.2d 283, 286 (3d Cir. 1985), or there is contrary medical evidence, *Frankenfield v. Bowen*, 861 F.2d 405, 408 (3d Cir. 1988). The weight given to a physician's opinion depends upon the extent to which it is supported by clinically acceptable medical data. *Coria*, 750 F.2d at 247.

The Court finds the ALJ's conclusion that no significant weight should be afforded to Dr. Zorrati was based on substantial evidence.[1] The ALJ noted that Dr. Zorrati checked off boxes on a form, without further comment, to show that Plaintiff was "markedly impaired" in a number of testing categories such that his ability to function was "seriously limited but not precluded;...".

---

[1] The Court is satisfied with the explanation provided by the MJ. *See* R&R at 9-15.

However, the ALJ determined that these limitations were considered work-preclusive by Dr. Zorrati when taken together. (Record at 18-19 and 412). That opinion conflicted with Dr. Zorrati's own treatment notes. (*See, e.g.,* Record at 392, 404 (Dr. Zorrati's opinion that Plaintiff was "doing good with zyprezza [sic]" medication, had "no more racing thoughts" and was "doing good with his nerves").) In fact, Plaintiff's own therapist, Maria Abreu, MHP, found that Plaintiff reported reduced anxiety, better sleep, more organized thoughts, and less irritation and anger when he complied with his medication regimen. (Record at 375-86.) In short, the Court agrees with the MJ that other record medical evidence does not support Dr. Zorrati's conclusions as to the preclusivity of Plaintiff's limitations; as such, the ALJ relied on substantial evidence in assigning little value to her final assessment.

The ALJ was also entitled to assign significant weight to the opinion of Dr. Perch, the state agency non-examining psychological consultant. State agency psychologists are considered to be "highly qualified physicians and psychologists who are also experts in Social Security disability," and the ALJ must consider their findings as opinion evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 93 n.2 (3d Cir. 2007) (*quoting* 20 C.F.R. §§ 404.1527(f), 416.927(f)); *see also* Social Security Ruling 96-6p. Given that starting point, the ALJ then credibly found that Dr. Perch's opinion was supported by evidence in the record, in particular evidence of Plaintiff's ability to perform one- and two-step tasks, make simple decisions, get along with coworkers without distracting them, and sustain a routine. (Record at 298.) Where consistent with the record, the ALJ was entitled to rely on Dr. Perch's opinion even if it contradicted the opinions of

Plaintiff's treating psychologist. *See Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991).[2]

Plaintiff points to no other evidence that would suggest Dr. Zorrati was justified in advocating as restrictive an assessment of Plaintiff's ability to perform basic work-related activities as she did, or that ALJ erred in relying on Dr. Perch's opinion. Accordingly, the Court finds that the MJ's conclusions were correct, the ALJ's weighing of medical opinion evidence is supported by substantial evidence, and Plaintiff's first and third objections shall be overruled.

Plaintiff points to no other evidence that would suggest Dr. Zorrati was justified in advocating as restrictive an assessment of Plaintiff's ability to perform basic work-related activities as she did, or that the ALJ erred in relying on Dr. Perch's opinion. Accordingly, the Court finds that the MJ's conclusions were correct, the ALJ's weighing of medical opinion evidence is supported by substantial evidence, and Plaintiff's first and third objections shall be overruled.

2. *Assessment of "Failure to Follow Prescribed Treatment"*

In addition to his objections to the ALJ's weighing of medical opinion evidence, Plaintiff contends that the ALJ improperly drew an adverse inference from Plaintiff's alleged failure to follow a prescribed treatment regimen. (Obj. at 4.) Plaintiff acknowledges that the ALJ made no specific finding as to whether such failure influenced "his consideration of the longitudinal trajectory of Plaintiff's mental health condition," but notes that both the ALJ and the MJ mention

---

[2] To the extent that it is raised, the argument that the ALJ was not entitled to rely on Dr. Perch's opinion because it was rendered on April 9, 2007–almost a year prior to Plaintiff's hearing before the ALJ (Obj. at 5, n. 5)–is without merit. The ALJ was entitled to give weight to Dr. Perch's opinion even if Dr. Perch did not have access to all of the reports in the record, as long as the ALJ considered all the evidence in the record. This is what occurred here–indeed, based on the record evidence subsequent to Dr. Perch's report, the ALJ was able to conclude that Plaintiff had clinically improved.

the failure as an observation in their respective analyses. (*Id.* at 3-4.) The MJ determined that the issue of the ALJ's nonexistent finding of that failure was not addressed in Plaintiff's brief in chief, and thus she would not address it in her R&R; Plaintiff objects that he mentioned it in his brief in chief, Defendant mentioned it in its responsive brief, and Plaintiff replied to it in his reply brief. (Obj. at 4-5 (internal citations omitted).)

Under Regulation 416.930 and Social Security Ruling 82-59, where the ALJ considers an individual's failure to follow prescribed treatment in determining his entitlement to benefits, the ALJ must also address whether the individual's non-compliance was justified. SSR 82-59, 1982 WL 31384, at *2 (S.S.A. 1982); 20 C.F.R. § 416.930(b) ("If you do not follow the prescribed treatment without a good reason, we will not find you disabled ...."). However, that directive "only applies where the ALJ has determined that an individual's impairments preclude her from engaging in substantial gainful activity, *i.e.*, an individual who would otherwise be found to be disabled under the Act." *Lozada v. Barnhart*, 331 F. Supp. 2d 325, 340 (E.D. Pa. 2004).

Because the ALJ found that Plaintiff does not have a disabling impairment, Ruling 82-59 is not applicable here. *See id*; *see also Thomas v. Barnhart*, No. 02-2958, 2003 WL 21419154, *5 (E.D. Pa. June 11, 2003) (finding SSR 82-59 did not apply to a individual who was found not to have a disabling impairment); *Rothrock v. Massanari*, No. 00-4912, 2001 WL 881450, *5 (E.D. Pa. June 12, 2001) (finding SSR 82-59 inapplicable to the ALJ's credibility determination because the claimant's impairments did not preclude her from engaging in substantial gainful activity). In any event, there is substantial evidence in the record, taken into account by the ALJ and the MJ, that even when Plaintiff failed to follow his prescribed treatment, his condition still was not disabling. (Record at 384 (when Plaintiff failed to take his medication for four days, Ms.

9

Abreu still found him to be talkative and cooperative, with good eye contact).) Although Plaintiff's symptoms improved when he complied with his treatment regimen, his own treating psychologist, Dr. Zorrati, mentions only once that Plaintiff was unable to sleep after he failed to take his medication for an entire month. (Record at 398.)

Furthermore, state agency physician Gerald A. Grycska, MD, determined that "the medical records reveal that [Plaintiff's] medications have been essentially ineffective in controlling his symptoms." (Record at 326.) In other words, the record demonstrates that Plaintiff's treatment had no impact on whether or not he was considered disabled. Therefore, because the ALJ committed no legal error even if he did take into consideration Plaintiff's alleged non-compliance with his treatment regimen, Plaintiff's objection on this basis is overruled.

## IV.     CONCLUSION

For the foregoing reasons, the Court adopts and approves the Report and Recommendation of Magistrate Judge Angell and Plaintiff Francisco Montanez's Request for Review is denied.

An appropriate order follows.
.